**UNITED STATES of America, Plaintiff,**

v.

**Bobby Leon McKISSACK, Sr., Defendant.**

**No. 3:99–00037.**

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 1, 1999.

Debra Teufel Phillips, Office of the U.S. Attorney, Nashville, TN, for U.S.

Carl Douglas Thoresen, Federal Public Defender's Office, Nashville, TN, for Bobby Leon McKissack, Sr.

## MEMORANDUM

TRAUGER, District Judge.

This matter is before the court on Defendant Bobby Leon McKissack, Sr.'s Motion to Suppress (Docket No. 13), Defendant's Supplemental Memorandum (Docket No. 14), and the Government's Response (Docket No. 21). Neither party requested a hearing.

### STATEMENT OF FACTS

On September 4, 1998 at approximately 1:45 a.m., Bobby Leon McKissack, Sr. was stopped while driving his car at the intersection of Murfreesboro Road and Spence Lane in Nashville, Tennessee by Metro Police Officer Robert F. Conley. Officer Conley stopped McKissack for an alleged violation of T.C.A. § 55–9–404.

Section 55–9–404 provides:

Lamp at end of train of vehicles—Penalty—(a) Every motor vehicle and every trailer or semitrailer which is being drawn at the end of a train of vehicles shall carry at the rear a lamp of the type which exhibits a yellow or red light plainly visible under normal atmospheric conditions from a distance of five hundred feet (500′) to the rear of such vehicle, and such light shall be so constructed and placed that the number plate carried on the rear of such vehicle shall under like conditions be so illuminated by a white light as to be read from a

distance of fifty feet (50′) to the rear of such vehicle.[1]

After stopping McKissack, Officer Conley approached McKissack's car and asked McKissack for his license and registration. Officer Conley returned to his vehicle to write the citation. Before writing the citation, Officer Conley determined that McKissack's license and registration were valid and current and that McKissack had a prior criminal record. At some stage during the traffic stop, Officer Conley radioed for back-up.

Officer Conley then returned the license and registration to McKissack and issued McKissack a citation for not having a light illuminating his license plate. After returning the license and registration, Officer Conley asked McKissack to exit his car so that Officer Conley could show McKissack why he had been stopped.

According to Officer Conley, he then told McKissack that he was free to leave but also asked to search his car and person. Although the Government contends that McKissack gave his permission to search, McKissack asserts that he did not consent to the search. When Officer Conley searched McKissack, he found cocaine in McKissack's left front pants pocket. He placed McKissack under arrest and proceeded to search the car. During the search of the car, Officer Conley found a firearm.

On May 28, 1999, Davidson County Criminal Court Judge Seth Norman held a suppression hearing and later issued an opinion granting McKissack's motion to suppress.[2] According to McKissack, Judge Norman found that "the officer had no just reason for the initial traffic stop" and that T.C.A. § 55–9–404 "would not apply to vehicles which were not being drawn at the end of a train of vehicles."

[1]. This statutory section was first passed in 1931, Acts 1931, ch. 82, § 15. A review of the amendments to this statutory section reveals that no substantive changes were made since its passage in 1931.

[2]. Although McKissack filed the transcript from the suppression hearing in state court, he did not file a copy of Judge Norman's order granting the motion to suppress.

(Defendant's Mem. at 3, *quoting* Norman Opinion at 2)

McKissack has been charged with a violation of 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon) and a violation of 21 U.S.C. § 844a (possession of cocaine base). The Government has filed a notice of its intention to seek an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for the violation of 18 U.S.C. § 922(g).

## ANALYSIS

In his Motion to Suppress, McKissack argues that (1) Officer Conley did not have a valid reason to initiate the traffic stop, and (2) he did not consent to the search of his person and car.

As to the traffic stop, McKissack argues that Officer Conley did not have a valid reason to initiate the traffic stop. Officer Conley stopped McKissack for not having a light illuminating the rear license plate of his car in violation of T.C.A § 55–9–404. McKissack contends that this section did not apply to him and "Officer Conley's misapplication of this statute is unreasonable and unjustified and allowed him to stop Mr. McKissack for absolutely no reason." (Defendant's Mem. at 2)

The Government asserts that Officer Conley's stop of McKissack was proper under T.C.A. § 55–9–404, relying upon an unpublished opinion, *State v. England,* 1998 WL 155584 (Tenn.Crim.App. March 31, 1998). In *England,* the court reversed the trial court's granting of a motion to suppress on the ground that a drug dog's "sniff" search of the exterior of a car after the inhabitant refused to consent to a search of the car was not an unreasonable search. The defendant had been stopped while driving a pickup truck for failing to have his license plate illuminated in violation of T.C.A. § 55–9–404, the same statute at issue here. Whether that statute applies to a single vehicle, as opposed to a vehicle "at [the] end of [a] train of vehicles," was not an issue in *England.* T.C.A. § 55–9–404. The defendant "admitt[ed] that the officer made a lawful stop," so the application of the statute to a single vehicle was simply never addressed. *England,* 1998 WL 155584, at *3. For that reason, the Government's reliance on *England* is misplaced.

For T.C.A. § 55–9–404 to apply to McKissack, it would have to be construed to require that every motor vehicle have a light illuminating the rear license plate regardless of whether the vehicle was "at the end of a train of vehicles." That construction is contrary to the plain meaning of the statute and much broader than the heading for this section—"Lamp at end of train of vehicles—Penalty."

The Tennessee Supreme Court has held, "[i]n ascertaining the intent and purpose of the legislature it is our duty to look to the caption of the Act." *Medic Ambulance Serv., Inc. v. McAdams,* 216 Tenn. 304, 392 S.W.2d 103, 109 (1965). *See also State v. Levandowski,* 1996 WL 315807, at *8 n. 12 (Tenn.Crim.App. June 5, 1996) (unpublished) (stating that "[w]e may also look to the title and heading to ascertain the legislative intent" but noting that "[t]he title may only aid in limiting the scope of the act"); *Walker v. Applebury,* 218 Tenn. 91, 400 S.W.2d 865, 867 (1965) ("The caption of this 1927 Act may be examined, along with the body of the Act, to assist the Court in the interpretation of the Act.").

Although not raised by the parties, the content of the statutory sections immediately preceding T.C.A. § 55–9–404 supports constructing the statute so as not to apply to a single vehicle. T.C.A. § 55–9–401 is titled "Lights on vehicles other than motor vehicles" and, as the title suggests, provides a list of lights required on vehicles other than motor vehicles. T.C.A. § 55–9–402 is titled "Lights required on motor vehicles" and provides a list of lights required on all motor vehicles. T.C.A. § 55–9–403 is titled "Headlamps on motorcycles" and provides the minimum and maximum number of headlamps allowed on motorcycles. Although the content of these sections is not determinative, the fact that the legislature created a separate

section prescribing the lights required on all motor vehicles militates against construing T.C.A. § 55–9–404 to apply to single vehicles in addition to those vehicles at the end of a train of vehicles.

The construction of T.C.A. § 55–9–404 in *England* cannot be justified, and this court declines to follow it. Officer Conley did not have a valid reason to stop McKissack's car. T.C.A. § 55–9–404 should not be held to apply to every motor vehicle on the road. Accordingly, the traffic stop was not lawful because Officer Conley did not have probable cause to believe that a traffic violation was occurring, and the evidence that was obtained as a result of the stop should be suppressed. *See United States v. Ferguson,* 8 F.3d 385, 391 (6th Cir.1993).

## CONCLUSION

The court finds that Officer Conley did not properly stop McKissack for a violation of T.C.A. § 55–9–404. Accordingly, the court does not reach the issue of whether McKissack consented to the search of his person and car.

An appropriate Order will enter.

### ORDER

Defendant Bobby Leon McKissack, Sr.'s Motion to Suppress (Docket No. 13) is hereby GRANTED.

It is so ORDERED.